IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DAVID L. FISH, JR.,** : | |
| : | Case No. 2:04-cv-1187 |
| **Plaintiff,** : | |
| : | |
| v. : | Magistrate Judge Norah McCann King |
| : | |
| : | |
| **THE AIROLITE COMPANY,** *et al.* : | |
| : | |
| **Defendants.** : | |

**OPINION AND ORDER**

This is an employment action in which David L. Fish, Jr. ("plaintiff") alleges that his employer, the Airolite Company ("company"), discriminated against him based on his disability in violation of Ohio law and wrongfully terminated his employee benefits in breach of its fiduciary duty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. ["ERISA"].  Additionally, plaintiff claims that the United Steelworkers of America, AFL-CIO Local 3241 ("union"), of which he was a bargained-for member during his employment with the company, acted in breach of its duty of fair representation to him, giving rise to a hybrid action under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

With the consent of the parties, 28 U.S.C. § 636(c), this matter is again before the Court on *Defendant United Steelworkers Local 3241's Motion to Dismiss or in the Alternative for Judgment on the Pleadings* ("*Union's Motion to Dismiss*"), in which it argues that plaintiff has failed to state a claim against it upon which relief can be granted.  Doc. No. 9.  On December 15, 2005, this Court considered the *Union's Motion to Dismiss* and concluded that further briefing

by the parties was necessary to resolve that motion. Doc. No. 18. Although all parties were granted an opportunity to further address the issue, only the union has done so. Doc. No. 19.

In its December 15, 2005, *Opinion and Order*, the Court concluded that, because plaintiff filed the *Complaint* in this action on December 14, 2004, "it was timely filed only if his Section 301 [of the LMRA] claim accrued after June 14, 2004.[1] If plaintiff's Section 301 claim accrued before then, his action is time-barred unless he did not discover, or could not have discovered through the exercise of due diligence, that the union had abandoned his grievance prior to June 14, 2004." Doc. No. 18, at 7. Further, the Court concluded "that a reasonable person, exercising due diligence, would have known that the alleged breach of duty by the union occurred when the union refused to arbitrate plaintiff's alleged improper termination or at least when the time to file an arbitration under the contract had expired." Id., at 8. Because the pertinent dates were unknown to the Court, the union and plaintiff were given twenty (20) days to supplement their memoranda.

On December 29, 2005, the union supplemented its memorandum in accordance with the Court's *Opinion and Order*. *Affidavit of Gary Cochran*, ¶ 4 and *Letters* attached to *Union's Supplement to its Motion to Dismiss*.[2] The union's staff representative, Gary Cochran,

---

[1] A six (6) month statute of limitations is imposed on hybrid Section 301 claims. *See Del Costello v. Teamsters*, 436 U.S. 151 (1983).

[2] As this Court explained in detail in its December 15, 2005, *Opinion and Order*, as a general rule "[m]atters outside of the pleadings are not to be considered by a court in ruling on a 12(b)(6) motion to dismiss," *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), unless the extrinsic materials merely "fill in the contours and details of the plaintiff's complaint, and add nothing new," *Yeary v. Goodwill Indus.-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997). The Court concludes that the documents related to plaintiff's grievance that are attached to the *Union's Supplement to its Motion to Dismiss* were specifically referred to in the *Complaint* and are central to plaintiff's claims. *See Complaint*, at ¶¶ 10, 15, 16, 58, and 61. Thus, the Court

2

processed the grievance filed by plaintiff through all four steps of the grievance procedure and sent a letter to plaintiff on July 17, 2000, informing him that "I cannot win this case before an arbitrator and therefore have no choice but to withdraw the grievance." *Id.*

Therefore, the Court concludes that plaintiff's claim under the LMRA accrued on January 17, 2001, *i.e.*, six (6) months after the union's refusal to arbitrate plaintiff's grievance. Plaintiff, however, did not file this action until December 2004. Consequently, plaintiff's Section 301 claim against the union was not timely filed. *See Del Costello v. Teamsters*, 436 U.S. 151.

**WHEREUPON**, in light of the foregoing discussion and of this Court's analysis in its December 15, 2005, *Opinion and Order*, the *Union's Motion to Dismiss*, Doc. No. 9, is **GRANTED**. The United Steelworkers Local 3241 is **DISMISSED** as a defendant in this action.

January 6, 2006                          *s/Norah McCann King*
Date                                              Norah M<sup>c</sup>Cann King
                                                     United States Magistrate Judge

---

concludes that the documents attached to the *Union's Supplement to its Motion to Dismiss* are to be considered part of the pleadings, which the Court will consider without converting the *Union's Motion to Dismiss* to one for summary judgment. *See Yeary*, 107 F.3d at 445.